UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                      )
VETERINARY IMAGING                    )
CENTER                                )
OF SAN DIEGO, INC.,                   )
                                      )
          Plaintiff,                  )
                                      )
     v.                               )          Civil Action No.
                                      )
JOHN DOES 1-16 and,                   )
                                      )
          Defendants.                 )
                                      )
_____        )

**COMPLAINT AND DEMAND FOR JURY TRIAL**

The plaintiff Veterinary Imaging Center of San Diego, Inc. ("VICSD"), brings this

complaint against the defendants John Does 1-16 and states as follows:

**Introduction**

1.      VICSD, via its websites at www.vetology.net and www.vetology.ai,  provides the

world's leading online platforms for veterinary teleconsulting/teleradiology and image storage

for general practice veterinarians and veterinary specialists. Commencing on August 4, 2019, it

allowed its users the utilization of a copyrighted database, entitled, "Vetology AI Image Bank,"

containing veterinary radiology images and reports that users could use at no charge to assist

them in formulating veterinary diagnoses. VICSD's terms of service, as detailed below, only

permitted users to view and use this database for personal, non-commercial research purposes

and strictly prohibited any commercial or other use, including prohibiting the downloading the images and reports in bulk.

2.      On diverse dates from November 2019 – March 1, 2020, Defendants launched a malicious scheme to steal and misuse VICSD's database by downloading thousands of images and reports from its database ("the Attack"). Specifically, Defendants used IP addresses located in Kuala Lumpur, Malaysia, Johannesburg, South Africa. Naples, FL, Tampa, FL, San Diego, CA, Los Angeles, CA, Richmond Hill, Canada, Maceio, Brazil, Coventry, UK, Poway, CA, St. Louis, MO, and Miami, FL to coordinate and perform bulk downloading of keyword selected images and reports from VICSD's "Vetology AI Image Bank" database.  Upon information and belief, the Defendants intentionally violated VICSD's terms of use and infringed its copyrights in order to unfairly gain a competitive advantage by stealing the data in the database in order to build a competitive database.  As a result of Defendants' actions, VICSD has had to suspend its database services, suffering the loss of present and future users that were driven to VICSD's website by the "Vetology AI Image Bank" database and have spent significant time and expense containing the damages and mitigating further potential damage from the malicious acts.

3.      VICSD brings this John Doe matter under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 ("CFAA"), the Copyright Act, 17 U.S.C. § 102, the Stored Communications Act, 18 U.S.C. § 2701 and state law causes of action to unmask the perpetrators responsible for the illegal downloading of the database, to prevent future attacks and pilfering of its database, and to hold the Defendants accountable by seeking compensation for the economic damages VICSD suffered as a result of Defendants' unlawful and malicious conduct.

4.      VICSD does not presently know the identities of Defendants John Does 1-16. Accordingly, VICSD, by separate motion, will seek the Court's authorization to conduct

discovery from the third parties who have registered the identified IP addresses in order to obtain Defendants' identifying information. With this information, VICSD will be in a position to amend this Complaint to substitute the actual names of the Defendants.

**PARTIES**

5.      VICSD is a California corporation providing service throughout the United States, including in Boston, Massachusetts. Its main office is located at 7522 Clairemont Mesa Blvd., San Diego, CA 92111 but business activities related to the Vetology AI Solution, including but not limited to marketing and sales activities associated with customer use of its "Vetology Image Bank" database are run by its key employee, Eric Goldman, from his office in Wellesley, Massachusetts.  As described further herein VICSD, via its websites at www.vetology.net and www.vetology.ai,  provides the world's leading online platforms for veterinary teleconsulting/teleradiology and image storage for general practice veterinarians and veterinary specialists.

6.      Defendants, John Does 1-16, whose identities are unknown, are individuals or entities that are responsible for the Attack. Plaintiff is informed and believes and therefore alleges that each of the fictitious named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by such Defendants.

7.      Third Party Mudhook Marketing, Inc., is a Florida corporation with a principal place of business at 6922 Hollywood Boulevard, Suite 500, Los Angeles, CA 90028 and registered agent Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301-2525.  Upon information and belief, Defendant Mudhook Marketing, Inc. is wholly owned by Third Party J2 Global, Inc., a Delaware corporation, which is also located at 6922 Hollywood Boulevard, Suite

500, Los Angeles, CA 90028.  Both of these entities own and operate IPVanish which is described below.

8.      Third party American Registry for Internet Numbers ("ARIN") is a Regional Internet Registry incorporated in the Commonwealth of Virginia. ARIN manages the distribution of Internet number resources such as Internet Protocol ("IP") Addresses for the United States, Canada, and many Caribbean and North American islands. ARIN's mailing address is PO Box 232290, Centreville, Virginia 20120.

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as this action raises federal questions arising under the laws of the United States, and pursuant to the CFAA claims, 18 U.S.C. § 1830 *et seq*., and the Copyright Act, 17 U.S.C. § 101, *et seq*. This Court also has jurisdiction over the state law claims set forth in this action pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction over state law claims).

10.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district or will occur in this judicial district; and VICSD's headquarters are located in the judicial district.

11.     Defendants' whereabouts are presently unknown. Upon information and belief, Defendants have directed the acts complained of herein toward the Commonwealth of Massachusetts and likely have utilized instrumentalities located in the Commonwealth of Massachusetts to carry out the acts complained of herein.

12.     Defendants have undertaken the intentional acts alleged herein with knowledge that such acts would negatively impact VICSD, thereby injuring VICSD which has an office located in the

Commonwealth of Massachusetts. Therefore, this Court has personal jurisdiction over the Defendants.

## **FACTUAL BACKGROUND**

13.     VICSD, via its websites at www.vetology.net and www.vetology.ai,  provides the world's leading online platforms for veterinary teleconsulting/teleradiology and image storage for general practice veterinarians and veterinary specialists. Among other services, it offers Vetology AI, a software service for veterinary radiology that uses artificial intelligence and machine learning to read diagnostic images and provide reports within minutes.

14.     One service provided by VICSD is a large database of veterinary radiology images and reports called "Vetology AI Image Bank," that users may use at no charge to assist them in formulating veterinary diagnoses.  Beginning August 4, 2019, visitors to the website www.vetology.ai  could, using the "Vetology AI Image Bank" database, search and view thousands of keyword tagged radiograph images and accompanied radiology reports that have been curated, cataloged, organized and stored in an online digital database. Each image and report in the "Vetology AI Image Bank" database is assigned a unique number that is used to identify the image and report in the search and download processes.

15.     At all times relevant hereto and including during the time period from November 2019-March 1, 2020, users to VICSD's websites, at www.vetology.net and www.vetology.ai,, were able to access the "Vetology AI Image Bank" database, but subject to specific terms of use which, in relevant part stated:

> **2. License.**
>
> Subject to the terms of this Agreement, VETOLOGY AND VETOLOGY INNOVATIONS and its partners, hereby grant Users a limited, clinic or hospital staff wide, non-sub licensable, non-transferable, nonexclusive license to download, install and use the VETOLOGY AND VETOLOGY INNOVATIONS and its partners Software on the number of computers specified. For avoidance of doubt, Users are permitted to use the VETOLOGY AND

VETOLOGY INNOVATIONS and its partners Software for work, in accordance with the terms of this Agreement. The VETOLOGY AND VETOLOGY INNOVATIONS and its partners Software may be used only to access VETOLOGY AND VETOLOGY INNOVATIONS and its partners Services, and must be used in accordance with any instructions provided to Users by VETOLOGY AND VETOLOGY INNOVATIONS and its partners. The term "VETOLOGY AND VETOLOGY INNOVATIONS and its partners Software" also includes any documentation (whether included in the download or accessible online), and any Updates provided by VETOLOGY AND VETOLOGY INNOVATIONS and its partners pursuant to Section 6, below.

In consideration for your agreement to the terms and conditions contained here, VETOLOGY AND VETOLOGY INNOVATIONS grants you permission to view and use the Vetology.ai dataset for personal, non-commercial research. You may not otherwise copy, reproduce, retransmit, distribute, publish, commercially exploit or otherwise transfer any material.

**3. License Restrictions.**

VETOLOGY AND VETOLOGY INNOVATIONS and its partners Software is licensed, not sold to Users, and is licensed only for Users clinic or hospital's use. Users may not sell, assign, rent, lease, distribute, export, act as an intermediary or provider, or otherwise grant rights or account access to third parties with regard to all or any part of the VETOLOGY AND VETOLOGY INNOVATIONS and its partners Software, or the VETOLOGY AND VETOLOGY INNOVATIONS and its partners Services. Users may not, and Users may not permit others to, reproduce, modify, reverse-engineer, decompile, disassemble, or attempt to discover the source code, structure or sequence, or otherwise hack, the VETOLOGY AND VETOLOGY INNOVATIONS and its partners Software, and have no rights to create derivate works from the VETOLOGY AND VETOLOGY INNOVATIONS and its partners Software or Intellectual Property. Permission is granted to view and use the Vetology.ai dataset without charge for personal, non-commercial research purpose ONLY. Any comericial use, sale, or other monetization of the dataset or a derivative product created from use of the dataset is strictly prohibited. VETOLOGY AND VETOLOGY INNOVATIONS retains all rights, title, and interest in the datasets and products created from the dataset. You must not remove or alter any copyright or other proprietary notices in the Vetology.ai dataset. In the event that VETOLOGY AND VETOLOGY INNOVATIONS determines that the recipient has violated this Agreement or other impermissible use has been made, VETOLOGY AND VETOLOGY INNOVATIONS may direct that data recipient immediately return all copies of the dataset and retain no copies thereof even if you did not cause the violation or impermissible use.

16.    VICSD employed these terms of use in order to protect its rights in all of its intellectual property, including its rights in the Vetology AI Image Bank," database and underlying content.

17.    VICSD owns some of the radiograph images that it stores in its "Vetology AI Image Bank," database, including radiographs that its employees created over its many years of operations. With respect to the majority of the radiograph images in the "Vetology AI Image Bank" database, VICSD acquired them over the course of its many years from third parties, other

veterinarians, who either provided the images when seeking services from VICSD or uploaded the radiograph images to its platform. By its terms of service, VICSD acquired the right to market, use, distribute and license the radiograph images in its own platforms and services, and thereby used them in its "Vetology AI Image Bank" database.

18.     VICSD created and owns all of the diagnostic reports in the "Vetology AI Image Bank" database. Over its many years of operations, VICSD's highly trained radiologists authored the diagnostic reports one by one.  More recently, VICSD's radiologists have created reports with the assistance of Vetology's artificial intelligence, but VICSD's employees continue to actually author the final reports.

19.     VICSD registered the "Vetology AI Image Bank" database with the U.S. Copyright Office on April 30, 2020 consisting of the database as it existed when it was first published via its website on August 4, 2019.  The database was created by VICSD's employees including Seth Wallack as a work for hire in which they engaged in original selection, coordination and arrangement of the database. On April 30, 2020, VICSD was notified that the U.S. Copyright Office issued Certificate of Registration No. TX 8-865-894 encompassing the work, but it has not yet received the official copy due to delays caused by the COVID-19 pandemic.

20.     On diverse dates from November 2019 – March 1, 2020, Defendants launched a malicious scheme to steal and misuse VICSD's "Vetology AI Image Bank" database by downloading thousands of images and reports from its database—the Attack.  Specifically, Defendants used IP addresses located in Kuala Lumpur, Malaysia, Johannesburg, South Africa. Naples, FL, Tampa, FL, San Diego, CA, and Los Angeles, CA to perform bulk downloading of images and reports from VICSD's "Vetology AI Image Bank" database.

21.     Defendants copying and use of VICSD's "Vetology AI Image Bank" database by downloading thousands of images and reports from its database was done without permission or authorization of VICSD.

22.     Upon information and belief, on diverse dates from November 2019 – March 1, 2020 the Defendants intentionally violated VICSD's terms of use and infringed its copyrights in order to unfairly gain a competitive advantage by stealing the data in the database—likely done in order to build a competitive database.

23.     As a result of Defendants' actions, VICSD has had to suspend its database services, suffering the loss of present and future users that were driven to VICSD's website by the "Vetology AI Image Bank" database and have spent significant time and expense containing the damages and mitigating further potential damage from the malicious acts.  Much of the expense and damage incurred by VICSD was incurred and managed by its key employee, Eric Goldman, from his office in Wellesley, Massachusetts.

24.     VICSD brings this action to stop Defendants from harming it and its customers through the malicious use of the IP addresses that were central to Defendants' Attack and scheme to steal the data in the "Vetology AI Image Bank" database.

25.     The Attack was a clear violation of VICSD's terms of use which prohibits users to "permit others to, reproduce, modify, reverse-engineer, decompile, disassemble, or attempt to discover the source code, structure or sequence, or otherwise hack, the VETOLOGY AND VETOLOGY INNOVATIONS and its partners Software, and have no rights to create derivate works from the VETOLOGY AND VETOLOGY INNOVATIONS and its partners Software or Intellectual Property."  The terms of use also state that "Permission is granted to view and use the Vetology.ai dataset without charge for personal, non-commercial research purpose ONLY.

Any comericial (sic) use, sale, or other monetization of the dataset or a derivative product created from use of the dataset is strictly prohibited."

26.     After discovering the Attack, VICSD personnel immediately worked to identify the nature and source of the Attack.  VICSD discovered the Defendants used several IP addresses to coordinate and perpetrate the Attack. The following is a list of these IP addresses, their geographic locations, and the internet service provider (ISP) utilized:

| Attacking IP Addresses | Geographic Location | ISP | Suspected IP Vanish | Device and/or OS used | Screen resolution and search used |
|---|---|---|---|---|---|
| 175.143.102.X | Kuala Lumpur, Malaysia | TM Net (located in Australia) | Yes | Windows 7 | 1024 x 768 |
| 41.144.79.0 | Johannesburg, South Africa | telkomadsl.co.za | Yes | Windows 10- Google Chrome 80.0 | 1920 x 1080 |
| 105.22.34.0 | Johannesburg, South Africa | Seacom | Yes | Windows 10 | 1920 x 1080 |
| 75.147.151.0 | Naples, Florida | Comcast Business | ? | Apple iPhone And Windows 10 | 375 x 812 1920 x 1080 |
| 68.101.188.0 | San Diego, California | Cox Communications | No | Apple iPhone | 375 x 812 |
| 173.169.199.0, | Tampa, Florida | Spectrum | ? | Apple iPhone | 375 x 812 |
| 174.227.133.0 | Orlando, Florida | Verizon Wireless | ? | Apple iPhone | 414 x 896 |
| 107.77.22.70 | Los Angeles, California | AT& T Wireless | ? | Apple iPhone | 414 x 736 |
| 216.151.180.0 | Unknown | IPVanish | Yes | Apple iPhone | 375 x 812 |
| 99.228.114.0 | Richmond Hill, Canada | Rogers Cable | Yes | Windows 10 | 1920x1080 |
| 12.70.70.0 | Anaheim, California | AT&T Services | Yes | Mac OS X | 1440 x 900 |

| 179.182.1.0 | Maceio, Brazil | Vivo | No | Windows 8.1 | 1366 x 768 |
| 5.151.178.0 | Coventry, UK | Cablecom Networking | Yes | Apple iPhone | 414 x 736 |
| 72.214.58.0 | Poway, California | Cox Business | No | Windows 7 | 1920 x 1080 |
| 24.217;237.0 | St. Louis, MO | Spectrum | Yes | Windows 10 | 1920 x 1080 |
| 107.77.216.0 | Miami, Florida | AT&T wireless | ? | Apple iPhone | 414 x 896 |

27.     Third party ARIN is responsible for managing and distributing Internet number resources such as IP addresses in the United States, Canada, and other areas of North America. Based on directories of the registrants of IP Addresses published by ARIN and other sources, VICSD determined that some of the U.S. IP addresses used in the Attack are registered to "IPVanish" a commercial VPN service based in the United States which is owned and operated by Third Party Mudhook Marketing, Inc., a Florida corporation with a principal place of business at 6922 Hollywood Boulevard, Suite 500, Los Angeles, CA 90028 and registered agent Corporation Service Company, 1201 Hays Street, Tallahasee, FL 32301-2525.  Upon information and belief, Third Party Mudhook Marketing, Inc. is wholly owned by Third Party J2 Global, Inc., a Delaware corporation, which is also located at 6922 Hollywood Boulevard, Suite 500, Los Angeles, CA 90028.

28.     IPVanish is a commercial virtual private network service based in Los Angeles, California that operates a software platform through the website www.ipvanish.com by which its users can mask their true IP address and use a decoy IP address which appears in one of more than its 75 different server locations.

29.     According to the company's website, IPVanish specifically targets customers who want to mask their IP addresses. "IPVanish provides a secure environment for everyday internet

activity. Once you establish a VPN connection, all of your online traffic (web browsing, video streaming, messaging, file-sharing, etc.) passes through our encrypted tunnel, while your identifying IP address is concealed."

30.     On or about May 5, 2020, VICSD issued and served a copyright infringement notification to IPVanish's designated agent to receive notices pursuant to the Digital Millennium Copyright Act (DMCA"), 17 U.S.C. §512(h) relating to the copying and downloading of VISCD's copyrighted material via IPVanish owned IP addresses. Specifically, VICSD notified IPVanish that the above-referenced IP addresses belonged to IPVanish and were used in the Attack against VICSD in violation of IPVanish's own DMCA policy which purports to "respect the intellectual property of others, and we ask our users to do the same." VICSD also informed IPVanish that the Attack had a negative impact on VICSD's business operations and asked that IPVanish immediately stop activity originating from its networks, cease and desist any such activity and to contact its user and the parties involved in the Attack and inform them to cease and desist any such activity. VICSD also requested that IPVanish identify the parties involved in this activity. IPVanish did not respond to this message.

31.     VICSD also issued and served IPVanish an abuse report via its published abuse reporting email address. VICSD notified IPVanish that the above-referenced IP addresses belonged to IPVanish and were used in the Attack against VICSD in violation of IPVanish's own terms of use, policy which states that: "You agree to comply with all applicable laws and regulations in connection with your use of the Services. You may not use our Services, or our Software or System, to post or transmit any illegal material, including without limitation any transmissions that would constitute a criminal offense, give rise to civil liability, or otherwise violate any local, state, national or international law or regulation. In particular, the following is a representative,

non-exhaustive list of acts that are prohibited:". VICSD also informed IPVanish that the Attack

had a negative impact on VICSD's business operations and asked that IPVanish immediately

stop activity originating from its networks, cease and desist any such activity and to contact its

user and the parties involved in the Attack and inform them to cease and desist any such activity.

VICSD also requested that IPVanish identify the parties involved in this activity. IPVanish did

not respond to this message.

32.     Upon information and belief, IPVanish will continue to fail and refuse to provide VICSD

with the Defendants' information absent a properly served subpoena or law enforcement

investigative request.

33.     As the direct and proximate result of the Attack which, among other things, caused

VICSD to suspend its database services, suffer the loss of present and future users that were

driven to VICSD's website by the "Vetology AI Image Bank" database, and spend significant

time and expense containing the damages and mitigating further potential damage from the

malicious acts,  VICSD suffered monetary harm in the form of lost business and costs for

recovery in an amount that has not yet been determined, but certainly in excess of $5,000.

34.     Despite its efforts, VICSD is unable to identify the true source of the Attack because it

has not received any helpful information from IPVanish. VICSD, therefore, brings this action to

uncover the identities of the attackers and prosecute claims against them for their copyright

infringement and the other harm they caused VICSD and take actions to prevent the Defendants

from causing VICSD further harm.

35.     Because IPVanish and other third parties are in possession of information concerning the

identity of the Defendants, such as names, other IP addresses, and email addresses, VICSD, by

separate motion, will seek the Court's authorization to conduct emergency discovery from the

third parties who have registered the identified IP addresses in order to obtain Defendants'

identifying information and thereafter amend this Complaint to substitute the actual names of the

Defendants.

## CAUSES OF ACTION

## COUNT I

## (VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C. § 1030)

36.     VICSD repeats and re-alleges the allegations contained in each and every preceding

paragraph of this Complaint.

37.     VICSD's computers are involved in interstate and foreign commerce and communication

and are protected computers under 18 U.S.C. § 1030(e)(2).

38.     By reason of the acts and omissions complained of herein including the Attack,

Defendants, and/or others acting in concert with Defendants, or with their knowledge, knowingly

accessed a computer protected by the CFAA with authorization but exceeded the authorized

access and used that access improperly to cause damages to VICSD.

39.     Defendants' Attack negatively impacted VICSD's business and indirectly prevented

authorized users from actively engaging with the VICSD's website and its "Vetology AI Image

Bank" database.

40.     As a result of Defendants' conduct, VICSD suffered damages in excess of the $5,000

statutory minimum. VICSD has been damaged by Defendants' actions, including experiencing

decreased use of its website and platform, expending resources to respond to the Attack, paying

for attorneys, and paying the cost of staff dealing with the Attack.

41.     VICSD also suffered irreparable and incalculable harm and injuries resulting from

Defendants' conduct in the form of damages to its customers' goodwill and trust.

42.     Defendants violated the CFAA, and are likely to continue with their unlawful behavior unless enjoined from doing so. If not enjoined, Defendants actions create the risk of irreparable harm, in that their actions could permanently damage VICSD's relationships with its user base and/or cause additional disruptions in service and downtime of VICSD's operations. VICSD's legal remedies may be inadequate because, if and when its relationships with its user base are damaged, monetary damages may not restore those relationships.

## COUNT II

## VIOLATION OF STORED COMMUNICATIONS ACT, 17 U.S.C. § 2701

43.     VICSD repeats and re-alleges the allegations contained in each and every preceding paragraph of this Complaint.

44.     The files stored on VICSD's computers are involved in interstate and foreign commerce and are electronic communications under 18 U.S.C. § 2510(12) and VICSD's website and its "Vetology AI Image Bank" database are an electronic communication services under 18 U.S.C. § 2510(15).

45.     Defendants violated the Stored Communications Act ("SCA"), 18 U.S.C. § 2701, by intentionally accessing without authorization and/or by intentionally accessing in excess of their authorization a facility through which an electronic service is provided and thereby obtaining access to electronic communications while they were in storage in such facility.

46.     Defendants knowingly and intentionally, without authorization and/or by exceeding his authorization, accessed and downloaded files from the "Vetology AI Image Bank" database, which are "facilities" under the SCA.

47.     The VICSD files accessed and downloaded were in storage in the above-mentioned

facilities at the time Defendants accessed and downloaded them without authorization or in

excess of authorization.

48.     Defendants' actions in violation of the SCA were willful and intentional.  Despite

knowing that their access to the facility was excessive not authorized by VICSD's terms of

service, Defendants continued to access and download electronic communications.

49.     VICSD has been damaged by Defendants' conduct.

50.     Defendants violated the SCA, and are likely to continue with their unlawful behavior

unless enjoined from doing so. If not enjoined, Defendants actions create the risk of irreparable

harm, in that their actions could permanently damage VICSD's relationships with its user base

and/or cause additional disruptions in service and downtime of VICSD's operations. VICSD's

legal remedies may be inadequate because, if and when its relationships with its user base are

damaged, monetary damages may not restore those relationships.

## COUNT III

## COPYRIGHT INFRINGEMENT IN VIOLATION OF 17 U.S.C. § 501

51.     VICSD repeats and re-alleges the allegations contained in each and every preceding

paragraph of this Complaint.

52.     VICSD owns valid copyrights in its "Vetology AI Image Bank" database and in each of

the reports identified in Certificates of Registration No. TX 8-865-894.

53.     Defendants, through the acts of its employees and agents, copied, reproduced, distributed,

created derivative product and made other infringing uses of the copyrighted work owned by

VICSD, without permission or authorization from VICSD, in violation of 17 U.S.C. § 501.

54.     Defendants actions of acquiring Vetology AI Image Bank database content was performed directly through Vetology created interface and schema.  At no time did defendants use an alternate means of accessing database content.

55.     Defendants have directly, vicariously and/or contributorily infringed the copyright of the work identified herein, without permission or authorization from VICSD, in violation of 17 U.S.C. § 501.

56.     Upon information and belief, Defendants infringements of the copyright identified herein are continuing in violation of 17 U.S.C. § 501.

57.     Defendants had actual knowledge that its conduct constituted infringement of VICSD's copyrights in those work, recklessly disregarded the possibility that its conduct represented infringement of those copyrights or was aware of the high probability that it was engaged in copyright infringement. As such, Defendants have acted willfully in infringing the copyrights in the work identified herein.

58.     VICSD is entitled to recover its actual damages and an award of any profits attributable to Defendants' infringement of copyrights, pursuant to 17 U.S.C. §504(b). In the alternative, VICSD is entitled to statutory damages, pursuant to 17 U.S.C. §504(c).

59.     Any award of statutory damages to VICSD should be enhanced in accordance with 17 U.S.C. § 504(c)(2) due to Defendants willful infringements of copyrights.

60.     VICSD is entitled to injunctive relief and an order impounding all infringing materials and derivative products. VICSD has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) the copyrights in the works owned or exclusively licensed to VICSD are unique and valuable properties; (b) Defendants' infringements interfere with VICSD's goodwill and customer relations, and its image contributors, and harm VICSD

such that VICSD could not be made whole by any monetary award; and (c) Defendants' infringements of copyrights, and the resulting damage to VICSD, are continuing. VICSD is entitled therefore to injunctive relief pursuant to 17 U.S.C. § 502, and an order impounding all infringing materials pursuant to 17 U.S.C. § 503.

61.     VICSD is also entitled to recover its attorney's fees and costs pursuant to 17 U.S.C. § 505.

**COUNT IV**

**BREACH OF CONTRACT**

62.     VICSD repeats and re-alleges the allegations contained in each and every preceding paragraph of this Complaint.

63.     A contract between VICSD and Defendants existed whereby VISCD agreed to provide veterinary teleconsulting/teleradiology and image storage services, including access to a large database of veterinary radiology images and reports called "Vetology AI Image Bank," via its websites at www.vetology.net and www.vetology.ai to users and visitors to its websites in exchange for their agreement to adhere to VISCD's terms of service.

64.     At all times relevant hereto and including during the time period from November 2019-March 1, 2020, users to VICSD's websites, at www.vetology.net and www.vetology.ai,, were able to access the "Vetology AI Image Bank" database, but subject to specific terms of use which have been alleged above.

65.     VICSD's term of service were reasonably communicated to the Defendants and were accepted by their use of website.

66.     VICSD fully performed its obligations to Defendants in providing its veterinary teleconsulting/teleradiology and image storage services, including access the "Vetology AI Image Bank" database.

67.     Defendants breached VICSD's terms of service by reason of the acts and omissions complained of herein including the Attack.  Specifically, Defendants, and/or others acting in concert with Defendants, or with their knowledge, breached its terms of service when Defendants knowingly accessed VICSD's "Vetology AI Image Bank" database and without authorization downloaded thousands of images and reports from its database.

68.     The Defendants' Attack was a clear violation of VICSD's terms of use which prohibits users to "permit others to, reproduce, modify, reverse-engineer, decompile, disassemble, or attempt to discover the source code, structure or sequence, or otherwise hack, the VETOLOGY AND VETOLOGY INNOVATIONS and its partners Software, and have no rights to create derivate works from the VETOLOGY AND VETOLOGY INNOVATIONS and its partners Software or Intellectual Property."  The terms of use also state that "Permission is granted to view and use the Vetology.ai dataset without charge for personal, non-commercial research purpose ONLY. Any commercial (sic) use, sale, or other monetization of the dataset or a derivative product created from use of the dataset is strictly prohibited."

69.     As a result of Defendants' breach of contract, VICSD has suffered damages.

## COUNT V

## VIOLATION OF CALIFORNIA PENAL CODE SECTION 502

70.     VICSD repeats and re-alleges the allegations contained in each and every preceding paragraph of this Complaint.

71.     VICSD's computers are involved in interstate and foreign commerce and communication

and are protected computers under California Penal Code section 502 which imposes liability on

a person who "[k]nowingly accesses and without permission takes, copies, or makes use of any

data from a computer, computer system, or computer network, or takes or copies any supporting

documentation, whether existing or residing internal or external to a computer, computer system,

or computer network." *Id.* § 502(c)(2).

72.     By reason of the acts and omissions complained of herein including the Attack,

Defendants, and/or others acting in concert with Defendants, or with their knowledge, knowingly

accessed a computer protected by the Section 502 with authorization but exceeded the authorized

access and used that access improperly to cause damages to VICSD.

73.     Defendants' Attack negatively impacted VICSD's business and indirectly prevented

authorized users from actively engaging with the VICSD's website and its "Vetology AI Image

Bank" database.

74.     As a result of Defendants' conduct, VICSD suffered damages. VICSD has been damaged

by Defendants' actions, including experiencing decreased use of its website and platform,

expending resources to respond to the Attack, paying for attorneys, and paying the cost of staff

dealing with the Attack.

75.     VICSD also suffered irreparable and incalculable harm and injuries resulting from

Defendants' conduct in the form of damages to its customers' goodwill and trust.

76.     Defendants violated Section 502, and are likely to continue with their unlawful behavior

unless enjoined from doing so. If not enjoined, Defendants actions create the risk of irreparable

harm, in that their actions could permanently damage VICSD's relationships with its user base

and/or cause additional disruptions in service and downtime of VICSD's operations. VICSD's

legal remedies may be inadequate because, if and when its relationships with its user base are

damaged, monetary damages may not restore those relationships.

**<u>DEMAND FOR RELIEF</u>**

WHEREFORE, VICSD requests that this Court order the following relief:

    A.     Enter judgment in favor of VICSD and against the Defendants on all Counts;

    B.     Enter a judgment that Defendants infringed VICSD's copyrights of the works

        identified herein in violation of 17 U.S.C. § 501;

    C.     Enter an order requiring Defendants, and all persons in active concert or participation

        with them who receive actual notice or knowledge of an injunction by personal

        service or otherwise, be enjoined and restrained preliminarily and permanently, from

        accessing, using, or in any way interacting with, either directly, indirectly or by

        proxy, in any manner, any domain owned, operated or controlled by VICSD,

        including www.vetology.net and www.vetology.ai,, or knowingly or recklessly

        causing others to do the same;

    D.     Enter an order, pursuant to 17 U.S.C. § 502(a), enjoining and restraining Defendants

        and any persons or entities acting directly or indirectly on their behalf, from

        reproducing, distributing, displaying or making any other infringing uses of the work

        identified herein;

    E.     Enter an order, pursuant to 17 U.S.C. § 504(b), declaring that Defendants act as

        constructive trustees for the benefit of VICSD as to all profits it received from its

        infringing uses of the work identified herein, and requiring Defendants to provide

        VICSD a full and complete accounting of all profits they received;

F.      Enter judgment awarding compensatory money damages in an amount to be proven at trial, but in excess of $5,000 including but not limited to an award of actual damages suffered by VICSD as a result of violations of the CFAA, SCA, infringements of copyrights in the work identified herein,

G.      Enter judgment awarding VICSD Defendants' profits attributable to its copyright infringements, pursuant to 17 U.S.C. § 504(b) or (2) an award of statutory damages pursuant to 17 U.S.C. § 504(c);

H.      Award enhanced statutory damages of $150,000 per infringement, pursuant to 17 U.S.C. § 504(c)(2), due to Defendants' willful infringements of copyrights;

I.      Enter judgment ordering that, because of the willful and deliberate nature of Defendants' acts, and the willful disregard for Plaintiff's rights, Defendants be required to pay Plaintiff punitive/exemplary or trebled damages in an amount determined by law and at trial;

J.      Enter judgment ordering Defendants to pay Plaintiff's reasonable attorney's fees and costs pursuant to the CFAA, SCA, 17 U.S.C. § 505 and other applicable statutes;

K.      Enter judgment awarding Plaintiff all legally available pre-judgment and post-judgment interest on any award determined by the Court;

L.      Order such further relief as the Court may deem just and reasonable.

## JURY DEMAND

VICSD demands a trial by jury of all issues so triable.

Dated:  May 14, 2020

Respectfully submitted,

PLAINTIFF
Veterinary Imaging Center of San Diego, Inc.
By his attorneys,


/s/ J. Mark Dickison
J. Mark Dickison (BBO #629170)
John R. Bauer (BBO #630742)
LAWSON & WEITZEN, LLP
88 Black Falcon Avenue
Boston, MA 02210
Telephone (617) 439-4990
Facsimile (617) 439-3987
mdickison@lawson-weitzen.com
jbauer@lawson-weitzen.com